Good morning, Your Honor. Good morning. May I please record? For the past 16 years, the State of California has held Mr. Williams in a mental institution, pending trial on whether he should be held in a mental institution. This morning, this Court is going to hear two appeals related to that contention. The first is an appeal from Mr. Williams' 1983 lawsuit. And the question before the Court, the central question before the Court in that case, is whether this Court has jurisdiction. It does not. A federal magistrate judge disputes that because a federal magistrate judge disputes Mr. Williams' 1983 complaints to a spontee without ever ordering service on the defendants and without ever getting the consent of the defendants. Did the federal court do anything in that intermination which was contrary to the rules of civil procedure? I'm not entirely sure. Well, frankly, we all know that cases come up throughout the prison and they go before the district judge or the magistrate judge. And in those situations, they look at these and in order to help the prisoners out, they make determinations on these cases swiftly and easily. And that gives everybody the chance to get things done without waiting for everything to happen all the way through. It seems to me in this particular matter that for parties, what happened was this particular complaint came out to the judge. Your client said to the magistrate judge, you can go ahead and decide this. So the magistrate did, according to the rules of civil procedure and according to all of the procedure that's outlined for these civil prisoner appeals, went through it, did everything that was supposed to be done, looked at it for this particular person who had perfectly allowed the magistrate to do what he had to do. And now, after everything's said and done, he wants to not appeal his own right because he said go ahead and do what needs to be done. But he wants to use the government's right. Because the government, the thing was long since dismissed before the government was even party to the case. And he wants to use their right to make this argument. There are a few points. First, this isn't a prisoner appeal. No, I understand, but these are the kind of things, I was just telling you the context that these generally arise. Right, but it is relevant in the sense that the magistrate applied the PLRA, the Prison Litigation Reform Act, to screen this complaint. The magistrate should not have done so because it's not a prisoner complaint. It's a detainee complaint. He's being held in a mental institution, not being held on any criminal charges or any criminal conviction. Well, the fact then, if you're going to argue this, then at that point, because he was a If he had been a prisoner, then the magistrate could have applied to PLRA. But regardless of whether that was the correct procedure or not, the Magistrate Judge Act clearly states that only when the parties consent to the magistrate judge's jurisdiction. There was only one party at that point. What authority did he have with the proposition that the magistrate judge was required to make the United States and the federal government to make the state become a party? Well, Allen v. Meyer from this court says that unless an unserved defendant consents, then the magistrate judge cannot enter a dispositive order. And this follows directly from Article III of the Constitution, which tests jurisdiction, the judicial power, in Article III judges, not in Article I judges. So if an Article I judge is going to issue a dispositive order under the Federal Magistrate Judge Act, that magistrate has to be a decent from all parties. An unserved defendant, you say? Absolutely. And what case did you use in this case? Allen v. Meyer from this court. And a recent decision from the 7th Circuit. I'm not interested in the 7th Circuit. What's the statute of what the 9th Circuit case? The 9th Circuit case is Allen v. Meyer, 755. At 3rd, 866. 866? Yes, ma'am. So what you're suggesting is, and I was trying to make sure where you were going to go with this, because that will make some argument useless in the other case, you're going to say that this person is different than the normal prisoner defendant. He's not in prison. He's in a different situation. And, therefore, at that point, it's mere allowing the magistrate to go forward. It isn't as if the magistrate went forward without his permission. The fact that the magistrate went forward with his permission gives him the right to use the objection from the government. I don't think it's quite right to say that. The bottom line is, what you're really saying is the magistrate judge should have just handed this decision, if you will, to the district court. If the magistrate judge ended up trying to hand this decision to the district court by just saying, here are my findings, I have conclusions of law, sign them, then you'd have no argument. Is that what you're saying? As a jurisdiction, that would be absolutely right. He could also have ordered the defendant served and gotten a consent of the defendant, but the magistrate judge did neither here. And the Magistrate Judge Act makes clear that it's upon consent of the parties. Counsel, I'd like to interrupt you to delve into Allen v. Meyer. I'm looking at this decision, that decision right now. I want you to point me to the language in that decision that says, unserved, defendant must consent to. Let me turn you on. Sure. The page is 868. Let me get there. Okay, well, point me to the particular language that you're talking about that says, unserved, defendant must consent to. So it begins, the paragraph is undisputed. Yeah, the officers. But it doesn't say that those officers were unserved. In fact, the officers moved to dismiss, which is an indication that they had been served and due to an appearance. So there's nothing in that language that says, unserved, defendant must consent to. Well, the cruiser, defendant is nonetheless afraid for the purpose of the matter. She said, this case supports the proposition that an unserved defendant must consent. And I'm asking you where that language is. In that case, is that the best language you have to support your argument? Yes, Your Honor. I think it directly follows from that language when an unserved defendant, for the purposes of the Magistrate Judge Act, is a party to litigation. And the point that I think I wanted to make to Judge Smith is that Mr. Williams did not raise the jurisdictional defect in this case. This Court has an independent duty. Even if Mr. Williams did not raise the jurisdictional defect in this case, this Court would have to raise the issue. So it's not a protection for Mr. Williams, but it is a protection for defendants. Going forward, the debate on our waiver. There was no waiver. He couldn't raise this point until appeal because the Magistrate Judge entered the order. There's nothing to do until he appeals from that order. I understand that you're a part of the appeal. Why is it not waived for failure to do anything about it? Well, you can't waive jurisdiction. Jurisdiction is what they are. It's not. And so this Court has an independent duty. Even if the Court considered that Mr. Williams waived this argument, I'd like to reserve the remainder of my time. Were you going to address the other behavior issues as well? I believe the Court's going to call that next. Well, it would be inefficient for you to go ahead and address it while you're here because you're appealing both, is that correct? Yes, Your Honor. I think there are different counsels on the other side of the argument. Okay, sir. All right. All right. Okay, thank you. And you're reserving that for rebuttal for this case? For this case? For the 1893 case? Yes, Your Honor. All right. Thank you. Good morning. May it please the Court, Carly Heisberg on behalf of the Office of the Attorney General appearing as the amicus of this matter. Your Honors, this Court should affirm the District Court's dismissal of Mr. Williams' first amended complaint that expressed the magistrate judge had jurisdiction. Mr. Williams expressly consented to jurisdiction if no other parties appeared before the Court when the Court conducted its 1915 E mandatory screening review of the complaint. Second, Mr. Williams failed to stand a compromisable claim. As the Court's aware, Mr. Williams is pursuing both a 20-41 habeas petition and a 1983 civil rights complaint. Your Honors, on wrong decision in battles versus grounds, we held just last year that these are mutually exclusive forms of relief. Congress didn't intend for them to be interchangeable or even overlapping. Because Mr. Williams challenges the basis and duration of his confinement in his 1983 action, his appropriate remedy is the 20-41 habeas petition. Now, turning first to jurisdiction, here is undisputed, factually, that Mr. Williams consented. He signed the District Court's consent form stating the magistrate judge would conduct all further proceedings in the matter. And you don't agree with him that this other case he signed from the 9th Circuit is not controlling, right? Correct. I agree with Judge Rollins that the defendants did move to dismiss, indicating that they had been, in fact, served. Well, they were at least in the case somehow. Correct, Your Honor. They entered the currency. Okay, so the next case, I guess, is, what about the 7th Circuit? If you look correctly, in this particular matter, a similar matter, it says that the government is party, even though not served. Yes, Your Honor. I think Judge Bozeman and Judge Easterbrook in their dissenting opinions from that majority decision, we got it right for three reasons. First, the majority decision is contrary to the Supreme Court's decision in Murphy Brothers, which held that the traditional understanding is that one becomes a party upon service. And there's a number of reasons for that. First, that the government... Well, we can look at... I don't know the depth and active of this case, and, second of all, if I look at the dictionary, it doesn't seem to be, and I'm talking about parties as cited by the Knights, by the 7th Circuit. If I look at the Dictionary Act, it seems to me that we can easily get to the fact that they were, in fact, parties, as the 7th Circuit did. Yes, I think that the Supreme Court and even the majority call me to recognize that the word parties isn't defined, and can be interpreted differently in different contexts. The majority admits that as well, looking at the Devlin v. Skargeni case from the Supreme Court, where the court there in the Supreme Court was looking at unnamed class members and said, in some circumstances, they can be parties, and in some circumstances, they're not. But the magistrate court even knows that they're into a situation here which is not necessarily something they should be deciding. And the only way they can get into it is by the consent of both parties. Why is it such a burden to have the magistrate give the findings of fact and conclusions of law to the district court? You don't have to say that. It is a burden, because... Why is it a burden? Right, it goes beyond what the majority and Mr. Woods is advocating for, because if all parties, all plaintiffs, all defendants have to consent... I mean, if, in fact, we had this case and the magistrate could make these decisions and all I have to do is just hand them to the district court to make the decision, why is that such a burden? Because it goes beyond a simple screening process before the court today. A simple screening process should be done by whatever judge is doing the screening. All they know is, however, if they're an Article I judge, hand the conclusions of law and the findings of fact to the district court, and the thing goes on. Well, correct. However, what is being advocated for is that consent of all parties with need to consent to the magistrate judge. It's not uncommon. The problem is that if, in fact, this court makes a decision that would suggest that an Article I judge can do something that only an Article III judge ought to be able to do, we're stepping ourselves into very thin water. And when it's so easy as to allow just a piece of paper to go down to the DJ and them sign off, why is that such a burden? Because it goes beyond the screening process. It's not uncommon. What do you mean it goes beyond? They can do everything they did in any other circumstance. All they've got to do is have a district judge sign it rather than the magistrate. I can't think of an example that would help illustrate this issue. Judge Easterbrook provides several, but I think... Well, I looked at what Judge Easterbrook said, and I looked also at what Judge Posner said, but, frankly, Judge Posner says it's a waste of time to send it back. Well, it may be, but there's a lot of things they send back, and it's a waste of time. The district court automatically does it, so it's already done. So I'm not so big on what Posner says. He doesn't say the majority is wrong. He just says it's a waste of time, and then he tries to somehow put a hypothesis on it that unserved defendants have hypothetically agreed. That doesn't seem logical under the rules. I know Posner thinks it's logical, but I don't agree with Posner on a lot of things. Right, I think that the amicus argument more closely mirrors Judge Easterbrook, and it's not uncommon in the IFP prisoner context for a plaintiff to name upwards of 10, 15, 20 defendants, and under the rule being advocated by Mr. Williams in the Seventh Circuit, the consent of all 10, 20, 30 unserved defendants would be to consent to the magistrate judge. All they'd have to do is just hand it to the district court. That's the worry that I have with that argument. It goes against what normally would say when one has the magistrate judge in front of them. It says that somehow we're going to give the magistrate judge with Article I authority more authority than they have when all they've got to do is just go down the hall. I don't know how much you're involved with bankruptcy court, but the Supreme Court was pretty clear in a couple of matters that the bankruptcy court gets out too far and makes too many decisions they ought not to make and made a very, very significant decision in the Supreme Court of the United States saying they didn't have any jurisdiction to make it. So from then on, they've got to go down the hall and ask the district court to make the decision. So I don't understand why it is that he can't make sooner. Well, this court will have to harmonize both the 636 statute and the 1915 statute. There's 1915E, where the court reviews high F&P complaints, and 1915A, which reviews prison complaints. It says as soon as practically possible, the court should review these complaints and second, dismiss them. If there's no cognizable claim, Congress therefore recognized that there would be dismissal of complaints prior to service on defendants. And harmonizing that statute with 636 and taking into account the traditional understanding of parties, as the Supreme Court recognized what that traditional interpretation of parties was, which is that it's when a party is served, taking that together, one can easily come to the conclusion that parties is the line in which an individual is served. And also taking into account the basis upon which the Magistrate Judges Act was enacted, which was to help alleviate district court judges from their increasingly unmanageable caseloads. So if I may interrupt, just in terms of those statutes, contemplate that it's the district court judge that is making this, making the determination to him as the authority to dismiss the petition or the complaint without hearing from the other side, as opposed to a magistrate judge doing that? No, Your Honor, I don't believe that 1915E or 1915A specifically state that it should be or has to be a district court judge at all, or excuse me, an article 3 district court judge. Rather, I think it just says that the district court shall undertake its mandatory screening review as soon as practically possible. But if it isn't an action that's covered by the statutes of view of the Magistrate Judges Authority, the Article 1 Judges Authority, to basically dismiss a case, make a decision that is the ultimate decision in the case, then what Judge Smith is suggesting is that the magistrate judge would have had to provide findings, in fact, and FNRs, basically, findings and recommendations. So the district court, why would that be the process would have to be done? Well, because it's an amicacy's position consisting with the Fifth Circuit and taking into account that traditional understanding that the board parties, as Congress intended in 636, would not include unserved defendants. And so that process would not need to be undertaken because the only party before the court is plaintiff, and the defendants need to be in their procedural protections. I'm sure that answers my question. I apologize. I'm sorry. That's good. For the Magistrate Judges to have jurisdiction, the parties have to both consent and understand the question here is, what does parties really mean? And if there's a context to understand that, but anyway, I'm not sure you answered my question, but that's fine. You were asking if there appears to be a split between the Fifth Circuit and the Seventh Circuit on this point. So we have to decide which of those positions is more persuasive. And I'm assuming that your Fifth Circuit decision is more persuasive. And could you explain why you think the Fifth Circuit decision is more persuasive? Correct, Your Honor. It's more persuasive because it is consistent with that traditional understanding that one becomes a party upon service. And there's many significant reasons for that that are outlined in the Supreme Court's decision of Murphy Brothers. Second, that the alternative interpretation will create mischief. It is overbroad and fails to take into account that there will be several circumstances in which the only parties before the court, the only parties on which the district court has jurisdiction have consented to the Magistrate Judge. And yet that district court, their hands are tied. And they cannot allow the parties who have consented to the Magistrate Judge to have their action heard by the Magistrate Judge despite their consent. Because there's an unnamed defendant out there who hasn't consented. And so that's the overbroad problem. I guess I'm still having a tough time with it. I appreciate your argument, so I'm not going to ask you more questions about it. OK, Judge, thank you. And the last reason to answer Your Honor's question, Judge Rollins said, is that it seems that the procedural protections that those defendants are sought to protect are associated with service on those defendants. Once the defendants are served, they can either consent or decline jurisdiction of the Magistrate Judge. So therefore, the only party before the court, the plaintiff here, has consented to the Magistrate Judge's jurisdiction. So there's no constitutional problems of having an adverse decision entered as to the plaintiff, because that plaintiff has consented to jurisdiction. And if Your Honor has no further questions, I would do it. Did you want to rephrase your question, so that you could get an answer? No, because I forgot my question. I was going to say, if the court is the court that's supposed to make the ruling, why doesn't the defendant get the argument that consents? I'm at my thinking phase. That is my question. I don't really understand it. Maybe you can take another crack at it and answer it, Judge Waters. OK, thank you, Judge Rollins. And Judge Waters, I apologize. So your question, as I understood it, was why didn't you have to do the typical FNR that one might typically see? If I couldn't issue you an order that basically was dispositive just because the case, that was the end of the case, why wouldn't the Magistrate Judge judge it in the FNRs? Right. So here, because 636c1 does contemplate that the Magistrate Judge, with the consent of the parties, may give inter-final judgment, there is no need for FNRs if the court interprets parties to only be the plaintiff that is proceeding before the court as the only party over which the court has jurisdiction. Right, yes. If the Magistrate Judge determines that parties need just one party. Correct, Your Honor. Does that more than fully answer your question? Thank you, yes. OK. Thank you very much. All right, thank you. Counselor Butler. Your Honor, I would urge the court to follow the Seventh Circuit, which recently issued a very long and recent opinion on this issue, as opposed to the Fifth Circuit, which had only two sentences on this issue. The Fifth Circuit said, because we have not been served, the defendants were not parties to the action at the time of the Magistrate Judge's judgment. That provides absolutely no citation, no support or explanation for why the Fifth Circuit reached that conclusion. But the more logical and the way to avoid the constitutional problems that we're getting into today is to interpret the Federal Magistrate Judge Act according to the words that the Congress used, which is, upon consent of the parties. Everywhere in the Magistrate Judge Act where the word party or parties appears, it makes clear that party, when it's singular, refers to a single party. But where it uses the word parties, or plural, it refers to all parties. For example, under P.1, the Magistrate must send a reporting recommendation to all parties. That begs the question, as to the definition of a party, are you familiar with our case United States v. Real Property, 135A.3.13.12? Yes, Your Honor. That appears to say that if an entity fails to comply with the applicable procedural requirements, it is not a party and is not required to consent to magistrate justice. What is that, did you argue? I don't think that case is applicable here at all because that was an NREM case. It doesn't matter. Well, the laws of the law, procedural laws are the same regardless of what you have in the case. Absolutely. The point, though, is that in an NREM case, the thing on the other side of the fee is a thing, so there's no consent to be had. And there, the claimant, the potential claimant who is out in the world, tried to come in and assert a claim over the property that was being sued by the United States. But that individual could have been a legitimate party if the filing requirements had been met. I think that that person only becomes a party once those filing requirements are met. No, they're not ever on either side of the fee. So you can't have an unserved defendant claim that he's not a party to the case under the magistrate judge. Well, the rationale in that case seems to support the view that if the procedural requirements have not been fulfilled, that individual is not applying for purposes of requirements into a magistrate judge. Well, there, I think the point that it is an NREM case just takes it out of this context where you have individuals or entities that are capable of consenting on both sides of the fee. And that's where the Magistrate Judge Act was directed on an NREM case. And I think, given an NREM case, until you have some other claimant before the court, the United States or the state who are pursuing the property can consent because they're the only party in the real sense before the court. All right, thank you, counsel. Thank you. Thank you both. I would like to answer one question. It was an imaginative argument. I don't know how far it really went because she didn't follow it. She said, you can't bring this 1983 civil rights complaint at all because you were limited to your absence from the legislature. So certainly the reason the magistrate judge entered the order dismissing this 1983 case, I urge the court not to get into whether that decision was correct or not because this court does not have jurisdiction to consider it. However, I think the magistrate judge did hear because all Mr. Williams is seeking is declaratory relief going forward on the proper constitutional procedures that can be used in the sexually violent predator commitment proceedings. And that wouldn't call into question his conviction at all? He's not been convicted other than... Other than my conviction, it wouldn't. No, because he's convicted of rape in 1991. He's not challenging that conviction at all. What he's seeking in the 1983 action is a declaratory judgment that going forward here are the procedures that must be used to comply with the Constitution for the state to continue. Thank you. Thank you to both counsel. This Williams case is submitted for a decision by the court.
judges: Rawlinson, N.R. Smith, Watters